```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

ELIJAH KELLY                        *
                                    *
     Plaintiff,                     *
vs.                                 *  CIVIL ACTION NO. 14-00422-WS-B
                                    *
CHARLES R. TIPTON, *et al.*,        *
                                    *
     Defendants.                    *

### REPORT AND RECOMMENDATION

Plaintiff Elijah Kelly, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees (Docs. 1, 2). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and failure to obey the Court's order.

In an order dated September 25, 2014 (Doc. 3), the Court observed that Plaintiff's motion to proceed without prepayment of fees (Doc. 2) did not include a copy of the institutional record of his inmate account reflecting transactions in Plaintiff's account for the six-month period immediately preceding the filing of his complaint, as required by statute. See 28 U.S.C. § 1915 (a)(2). In addition, the certificate was not signed by an authorized officer at the institution. As a result, Plaintiff's motion was denied, and he was directed to

file a new motion by October 16, 2014. (Doc. 3). Plaintiff was expressly advised that his new motion should include the statutorily required copy of the institutional record of his inmate account reflecting transactions in his account for the six-month period immediately preceding the filing of his complaint and a certificate signed by an authorized officer. He was further advised that in lieu of filing a properly supported motion, he could pay the $350.00 filing fee by October 16, 2014. (Doc. 3). Plaintiff was cautioned that failure to comply with the Court's order within the prescribed time would result in the dismissal of this action for failure to prosecute and failure to comply with the Court's order. (Id.)

In response to the Court's order, Plaintiff filed a handwritten letter on October 8, 2014. (Doc. 4). In the letter, Plaintiff advised the Court that he could not come up with the filing fee and that he could not get an officer to sign the certificate. Plaintiff further stated that he would attempt to obtain a copy of the institutional record reflecting transactions in his inmate account for the six-month period immediately preceding the filing of his complaint. Plaintiff also indicated that he was scheduled to be released in a year, and that he would re-file his action at that time. Plaintiff has had no further communications with the Court, and given

that more than three (3) months have passed since Plaintiff's October 8th letter, at this juncture, it appears that Plaintiff has elected to abandon this action.  While Plaintiff asserted in the October 8th letter that he could not afford the filing fee, and that he could not get an officer to sign his certificate, he provides no details regarding any steps he took to comply with the Court's Order dated September 25, 2014. (Doc. 4).  For instance, Plaintiff does not allege that he ever spoke with anyone in the finance office about a copy of the institutional record for his inmate account, nor does he identify any authorized officer with whom he spoke about certification of the institutional record for his inmate account.

Given Plaintiff's failure to obey the Court's directives and lack of communication with the Court, it appears that Plaintiff has elected to abandon this action.  Upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to obey the Court's orders, as no other lesser sanction will suffice. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); see also Zow v. Regions Fin. Corp., 2014 U.S. App.

Lexis 23321 (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **20th** day of **January, 2015.**

                                              **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**